IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLINTON HOGGARD, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 12-4783 |
| CATCH, INC., | : | |
| Defendant. | : | |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 August 27, 2012

Presently before this Court is Plaintiff, Clinton Hoggard's ("Plaintiff"), Motion for the Appointment of Counsel. For the reasons set forth below, this Motion is denied.

## I.   BACKGROUND

Plaintiff filed suit against Catch, Inc. ("Defendant") alleging violations of the Americans with Disability Act of 1990 (42 U.S.C. §§ 12112-12117) and the Pennsylvania Human Relations Act (43 Pa. Cons. Stat. §§ 951-963). (Compl. at 1.) Specifically, Plaintiff claims that Defendant terminated his employment due to a broken right ankle that occurred while working for the Defendant. (Compl. at 3.)

## II.   DISCUSSION

We begin from the established premise that "indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." Gordon v. Gonzalez, 232 F. App'x 153, 156 (3d Cir. 2007) (quoting Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002)). However, a district court is empowered with the discretion to "request an attorney to represent

any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  The court's decision whether to appoint counsel is to be given wide latitude and will only be overturned if its ruling is clearly an abuse of discretion.  Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

As a preliminary matter, the district court must first determine if the Plaintiff's claim has arguable merit in fact and law.  Upon a favorable finding, the court then proceeds to consider certain additional factors that bear on the necessity for the appointment of counsel.  Id. at 155.  These factors enunciated in Tabron include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.  Montgomery, 294 F.3d at 499 (quoting Tabron, 6 F.3d at 155).  This list is not exhaustive, nor is any one factor determinative.  Parham v. Johnson, 126 F.3d 454, 458 (3d Cir. 1997).

At the early stage of this litigation, it is difficult to discern whether Plaintiff's claim possesses "merit in fact and law."  However, upon review of the Complaint, it appears Plaintiff's claim has arguable merit in fact and law.  Consequently, we proceed upon the analytical course charted in Tabron.

**(A)  The Plaintiff's Ability to Present His Own Case**

The ability of a plaintiff to present his own case is arguably the most significant of the Tabron factors.  Montgomery, 294 F.3d at 501.  This determination is based on several criteria including plaintiff's education, literacy, prior work experience, prior litigation experience, ability to understand English and restraints placed on him by incarceration (i.e., access to resources such

as a typewriter, telephone and computer). Tabron, 6 F.3d at 156; see also Parham v. Johnson, 126 F.3d at 459. However, it is not necessary that Plaintiff have the skills and expertise of a trial lawyer; only that he possess the baseline abilities to adequately present his case. See Gorden v. Gonzalez, 232 F. App'x at 157 (the decision point is not whether plaintiff is a trial lawyer).

Due to the capabilities of Plaintiff this factor weighs against the appointment of counsel. Plaintiff has completed twenty years of schooling, is literate, writes coherently and is fluent in English. Additionally, Plaintiff is not incarcerated, and therefore, none of the hardships and restraints inherent in incarceration are present in this case. Though no one factor is dispositive, this factor weighs heavily against the appointment of counsel.

**(B)  The Difficulty of the Particular Legal Issues**

Where cases involve complicated legal issues, courts should be "more inclined to appoint counsel." Tabron, 6 F.3d at 156. In such situations, all the parties involved will benefit. Parham, 126 F.3d at 459. The ends of justice are best served by those trained in legal analysis handling cases where the law is not clear or difficult legal issues are presented. Maclin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981). This case poses neither danger. Rather, the legal issues inherent in Plaintiff's claims are not overly complex. Plaintiff alleges wrongful termination based on a simple set of facts. These are standard employment discrimination claims and do not implicate any complicated or novel issues of law. See Scotton v. Agilent Technologies, No. 03-361, 2003 WL 21250586, at *1 (E.D. Pa. Apr. 1, 2003) (asserting that employment discrimination litigation was simple case). In light of Plaintiff's abilities and aptitude, we believe that the legal issues are within his range of competence.

**(C)** <u>**The Necessity and Ability of the Plaintiff to Pursue Factual Investigation**</u>

Courts must consider the extent of factual investigation necessary to prosecute a claim and the ability of the indigent plaintiff to pursue the investigation. <u>Tabron</u>, 6 F.3d at 156. Situations which are "likely to require extensive discovery and compliance with complex discovery rules" gravitate toward the appointment of counsel. <u>Id.</u> At this early stage in the proceedings, where the Defendant has not answered the Complaint, it is too difficult to ascertain the investigative needs of Plaintiff. However, it is important to note that Plaintiff is not incarcerated and, therefore, able to proceed freely with investigation and discovery. Accordingly, we find that there is little danger of infringement on his ability to properly investigate and prepare his case.

**(D)** <u>**The Plaintiff's Capacity to Retain Counsel on His Own Behalf**</u>

The appointment of counsel is not for situations where the plaintiff can easily afford and attain counsel. <u>Id.</u> at 157. In these cases, the court must recognize and preserve the "precious commodity" of volunteer legal advocates. <u>Parham</u>, 126 F.3d at 458. At this early stage in the proceeding and with the limited financial documentation disclosed by the Plaintiff, we are unable and find it imprudent to surmise whether Plaintiff's financial condition could be deemed "indigent." Even so, much like in <u>Gordon</u> and <u>Asemani</u>, we question the "independent weight" of this factor as "indigent litigants by definition will almost always be able to satisfy it." <u>Gordon</u>, 232 F. App'x at 157; <u>Asemani v. Sec. of the Dept. of Homeland Security</u>, No. 11-7448, 2012 WL 569386, at *3 (E.D. Pa. Feb. 22, 2012). However, we again note that this does not appear to be a case that merits siphoning attorneys from the limited pool of pro bono advocates.

**(E) The Extent to which this Case is Likely to Turn on Credibility Determinations**

Cases where adjudication relies solely on credibility determinations favor the appointment of counsel. Lasko v. Watts, 373 F. App'x 196, 201 (3d Cir. 2010). Regarding the credibility determination factor, "[w]hile the case ultimately may have relied upon credibility, it is difficult to imagine a case that does not. Thus, when considering this factor courts should determine whether the case was solely a swearing contest." Parham, 126 F.3d at 460. Although this litigation is in its infant stages, it does not appear to be exclusively a swearing contest. Consequently, this factor does not favor the appointment of counsel.

**(F) Expert Witness Testimony**

The necessity of cross examining expert witnesses may favor the appointment of counsel. Tabron, 6 F.3d at 156. However, the appointment of counsel is not necessary in every case warranting expert testimony. Lasko, 373 F. App'x at 202. At these preliminary stages, the necessity for expert witness testimony is uncertain and any predictions by the Court would be premature. Thus, in this case, we find that this factor neither weighs in favor nor against appointing counsel.

**III. CONCLUSION**

Congress has entrusted the district courts with the judicial discretion to determine when to appoint counsel. See 28 U.S.C. § 1915(e)(1). In effectuating this responsibility, the United States Court of Appeals for the Third Circuit developed an analytical framework to serve as a "guidepost" in these determinations. See Tabron, 6 F.3d at 155. Inherent in their decision, district courts must be mindful of the competing interests between the need to provide legal representation to effectively prosecute meritorious cases and the necessity of protecting the

limited and "precious commodity" of volunteer legal advocates.  After careful analysis in light of Tabron and its progeny, we find that more factors weigh against appointing counsel. Consequently, Plaintiff's Motion for the Appointment of Counsel is denied.

     An appropriate Order follows.