# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLINTON C. HOGGARD, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 12-4783 |
| CATCH, INC., | |
| Defendant. | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                        **JULY 9, 2013**

      Presently before the Court is the Defendant, Citizens Acting Together Can Help, Inc.'s (CATCH) Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 12(b)(6); and/or Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)(2), and the Responses in opposition filed by Plaintiff, Clinton C. Hoggard. For the reasons set forth below, we grant Defendant's Motion.

**I.     BACKGROUND**

      Plaintiff, who is a former employee of CATCH, filed a pro se Complaint alleging violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et seq.[1] (See Compl.) Plaintiff's Complaint alleges that he suffered discriminatory treatment by Defendant in regards to a right ankle injury which occurred in May 2011 during his employment with Defendant. (Id. at 2-6.) Specifically, Plaintiff's claims are based on allegations that Defendant improperly terminated his

---

[1] The Court must construe a pro se complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

employment; failed to reasonably accommodate his disability; used unequal terms and conditions of his employment; and retaliated against him. (Id. at 3.)

On August 20, 2012, Plaintiff filed an Application to Proceed In District Court In Forma Pauperis and completed a pro se Complaint for Employment Discrimination with related documentation. (Doc. No. 1.) On August 27, 2012, Plaintiff was granted leave to proceed In Forma Pauperis, and his request for appointment of counsel was denied. (Doc. Nos. 2, 4, 5, 6.)

Defendant filed a Motion to Dismiss Plaintiff's Complaint on January 30, 2013. (Doc. No. 7.) The Court ordered Plaintiff to file a response to Defendant's Motion to Dismiss on or before March 22, 2013, which Plaintiff filed. (Doc. Nos. 9, 10.) On May 21, 2013, the Court ordered that Plaintiff had until June 4, 2013, to submit relevant materials opposing Defendant's Motion to Dismiss because the dismissal motion included documents beyond the Complaint. (Doc. No. 11.) Specifically, the Order stated:

> **AND NOW**, this 21st day of May, 2013, due to the fact that Defendant has included matters outside of the pleading in its Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(5) and Fed. R. Civ. P. 12(b)(6); and/or Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)(2) (Doc. No. 7), the Court is converting Defendant's Motion to a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 in accordance with Federal Rule of Civil Procedure 12(d). See Fed. R. Civ. P. 12(d) (when the Court considers matters outside the pleadings, a motion to dismiss generally must be converted into a motion for summary judgment and "all parties must be given a reasonable opportunity to present all material that is pertinent to the motion"). As a result, it is hereby **ORDERED** that Plaintiff has until June 4, 2013, to submit relevant materials opposing Defendant's Motion.

(Id.) In response, Plaintiff sent the Court a letter with attachments dated June 3, 2013. (Doc. No. 12.) The Court considered all of the documents submitted by both parties in determining that

dismissal of Plaintiff's Complaint is warranted.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Under Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atlantic Corporation v. Twombly, the Supreme Court of the United States stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555 (2007).

Following Twombly, the United States Court of Appeals for the Third Circuit ("Third Circuit") has explained that the factual allegations in the complaint may not be "so undeveloped that it does not provide a defendant the type of notice which is contemplated by Rule 8." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). Moreover, "it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 563 n.8). Furthermore, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 234 (quoting Twombly, 550 U.S. at 555). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. (quoting Twombly, 550 U.S. at 556).

In Ashcroft v. Iqbal, the Supreme Court applied the Twombly standard, stating that "[t]o

3

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). The Supreme Court explained that deciding whether a "complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

After Iqbal, a two-part analysis is required when a district court evaluates a motion to dismiss for failure to state a claim. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). The Third Circuit has set forth this two-part analysis as follows:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts.

Id. (citing Iqbal, 129 S. Ct. at 1949). After completing this analysis, if "'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but has not show[n] - that the pleader is entitled to relief.'" Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950).

Notwithstanding Twombly and Iqbal, the general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief, not detailed factual allegations. Phillips, 515 F.3d at 231. Moreover, when evaluating a motion to dismiss, the court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and must view any reasonable inferences that may be drawn therefrom in the light most favorable to the plaintiff. Id.; Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

## III. DISCUSSION

Defendant argues that Plaintiff's execution of a Compromise and Release (C&R) of his Workers' Compensation claim bars his right to raise the claims set forth in the Complaint under the ADA and the PHRA.[2] (Def.'s Br. in Support Mot. to Dismiss at 16-17.) Specifically, Defendant argues that "before Plaintiff filed the instant action, he filed a workers' compensation claim for a May 11, 2011, right ankle injury, which was litigated and amicably resolved by way of the . . . C&R on March 13, 2012." (Id. at 16; Ex. 3 (C&R Agreement).) Worker's Compensation Judge Pamela A. Santoro approved the parties' C&R resolving Plaintiff's workers' compensation claim for a lump sum payment of $50,000.00, with twenty percent (20%) attorney's fees payable to his workers' compensation counsel, Halmon Banks, III, Esq. (Id.)

The C&R specifically states that it "completely resolves all claims and issues arising out of Claimant's 05/11/2011 injury." (Id.; Ex. 3 ¶ 16.) It also states that "Claimant understands that

---

[2] Defendant moved for dismissal on several grounds. (See Def.'s Mot. to Dismiss.) Since we conclude that dismissal is warranted due to Plaintiff's execution of the C&R, we decline to address Defendant's additional arguments for dismissal.

5

in exchange for any and all indemnity, medical and/or specific loss benefits arising out of his 05/11/2011 work injury, this settlement . . . is a final one which forever ends his entitlement to any and all such benefits for the injuries of 05/11/2011." (Id.) The C&R further states that "Claimant understands that this is a final settlement, and once approved by the Court, he forever releases . . . CATCH . . . for any additional benefits arising from the 05/11/2011 work injury." (Id.; Ex. 3 ¶ 19.)

Additionally, in settling his workers' compensation claim, Plaintiff, with the advice of counsel, signed a General Resignation. (Id.; Ex. 3.) By signing the General Resignation, Plaintiff agreed to resign his employment with Defendant as of March 13, 2012. (Id.) He, also, agreed not to seek re-employment with Defendant in the future. (Id.)

As previously mentioned, we converted Defendant's Motion to Dismiss into a Motion for Summary Judgment. (Doc. No. 11.) In so doing, we gave Plaintiff the opportunity to respond in kind with any relevant materials. (Id.) Plaintiff responded by a letter dated June 4, 2013; however, he did not specifically respond to Defendant's argument that his claims are barred by the C&R that he signed. (Doc. No. 12.) In light of the C&R, we find that Plaintiff knowingly and willingly relinquished his right to bring the instant suit. Thus, we grant Defendant's Motion to Dismiss.

    *A.    Waiver of Claims*

"The Workers' Compensation Act allows parties to compromise and release any and all liability claimed to exist under the Act on account of injury or death." Flynn v. Fed. Exp., No. 07-2455, 2008 WL 2188549, at *2 (E.D. Pa. May 23, 2008) (citing 77 P.S. § 1000.5). "A valid compromise and release agreement approved by a workers' compensation judge is final,

conclusive, and binding." Id. (citing Commonwealth, Dept. of Labor & Indus., Bureau of Workers' Comp. v. W.C.A.B., 932 A.3d 309, 314 (Pa. Cmwlth. 2007). Liability that is not compromised and released will remain. Id.

The C&R between Plaintiff and Defendant is a valid contract between the parties that is final and binding because the C&R has been approved by the workers' compensation judge. See id. (citing Cf. Halderman v. Pennhurst State Sch. and Hosp., 901 F.2d 311, 318 (3d Cir. 1990) (settlement agreement approved by court order should be treated as a contract); Washington Hosp. v. White, 889 F.2d 1294, 1300 (3d Cir. 1989); Century Inn, Inc. v. Century Inn Realty, Inc., 516 A.2d 765, 767 (1986) ("enforceability of settlement agreements is determined according to principles of contract law")).

Employees may validly waive employment claims against their employer as long as the waiver is made "knowingly and willfully." Cuchara v. Gai-Tronics Corp., 129 F. App'x 728, 730-31 (3d Cir. 2005) (citing Coventry v. U.S. Steel Corp., 856 F.2d 514, 522 (3d Cir. 1988); Alexander v. Gardner–Denver Co., 415 U.S. 36, 52 n.15 (1974) (holding that an employee may waive Title VII claims if the waiver is "voluntary and knowing")). Within the Third Circuit, a totality of the circumstances test is applied in order to determine whether a purported release is valid. Id. (citing Coventry, 856 F.2d at 522–23). The totality of the circumstances inquiry includes consideration of the following factors:

> (1) the clarity and specificity of the release language; (2) the plaintiff's education and business experience; (3) the amount of time plaintiff had for deliberation about the release before signing it; (4) whether plaintiff knew or should have known his rights upon execution of the release; (5) whether plaintiff was encouraged to seek, or in fact received the benefit of counsel; (6) whether there was an opportunity for negotiation of the terms of the Agreement;

7

>and (7) whether the consideration given in exchange for the waiver
>and accepted by the employee exceeds the benefits to which the
>employee was already entitled by contract or law.

Id. at 731 (citing Cirillo v. Arco Chem. Co., 862 F.2d 448, 451 (3d Cir. 1988)), *superceded by statute on other grounds, as stated in* Long v. Sears Roebuck & Co., 105 F.3d 1529, 1539 (3d Cir. 1997). Additionally, a court should consider "whether there is evidence of fraud or undue influence, or whether enforcement of the agreement would be against the public interest." Id. Upon consideration of all of these factors, it is clear that Plaintiff knowingly and willfully waived his ADA and PHRA claims against Defendant.

>B. *Analysis of Totality of the Circumstances Factors*

The C&R satisfies the first factor because its language is clear and specific. The C&R states that it "completely resolves all claims and issues arising out of Claimant's 05/11/2011 injury" and "Claimant understands that in exchange for any and all indemnity, medical and/or specific loss benefits arising out of his 05/11/2011 work injury, this settlement . . . is a final one which forever ends his entitlement to any and all such benefits for the injuries of 05/11/2011." (Def.'s Mot. to Dismiss; Ex. 3 ¶ 16.) The clarity and specificity of the C&R weighs strongly in favor of finding that Plaintiff did knowingly and voluntarily waive his right to file suit on the claims he made in his Complaint.

The second, third and fourth factors are neutral. Plaintiff's education and business experience are unknown. Also, the amount of time that Plaintiff had for deliberation prior to signing the C&R is unknown. The fourth factor pertaining to whether Plaintiff knew or should have known his rights upon execution of the release before signing it is similarly unknown. While the language of the C&R is clear and specific, and it is arguable that Plaintiff should have

8

known his rights upon execution, we cannot determine what Plaintiff knew or should have known since we do not have a response from him.

The fifth and sixth factors weigh in favor of a finding that Plaintiff knowingly and voluntarily signed the C&R. Plaintiff was represented by counsel. It appears that the terms of the C&R were a result of negotiations between Defendant, Plaintiff, and Plaintiff's attorney.

The seventh factor is neutral. Other than the $50,000 paid by Defendant to Plaintiff, the record is devoid of any indication that Defendant offered additional consideration for the execution of the C&R. Also, there is no information before us that Defendant would not have agreed to the settlement of Plaintiff's workers' compensation claim without the agreement of Plaintiff to waive his right to bring the discrimination claims in state or federal court.

Concerning the last factor of whether there is evidence of fraud or undue influence, or whether enforcement of the agreement would be against the public interest, we find in favor of Defendant. There is no evidence of fraud or undue influence. Likewise, there is no evidence that enforcement of the C&R would be against the public interest.

### IV. <u>CONCLUSION</u>

Assessing the totality of the circumstances, we conclude that Plaintiff knowingly and voluntarily executed the C&R waiving his right to assert his ADA and PHA claims against Defendant. Accordingly, Defendant's Motion to Dismiss is granted. Plaintiff's ADA and PHRA claims are dismissed with prejudice.

An appropriate Order follows.